Alexander (Zander) Blewett, III
Anders Blewett
HOYT & BLEWETT PLLC
501 Second Avenue North
P.O. Box 2807
Great Falls, MT   59403-2807
Telephone:  (406) 761-1960
Fax:  (406) 761-7186
E-mail:  zblewett@hoytandblewett.com
            ablewett@hoytandblewett.com

Attorneys for Plaintiff

## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MONTANA
### MISSOULA DIVISION

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| EDWIN LESLIE MAUGHAN, | ) | Cause No.:  CV 11-156-M-DWM |
| Plaintiff, | ) | Hon. Donald W. Molloy |
| v. | ) | |
| EQUIFAX INFORMATION | ) | **AMENDED COMPLAINT AND** |
| SERVICES LLC, EXPERIAN | ) | **JURY DEMAND** |
| INFORMATION SOLUTIONS, INC., | ) | |
| TRANS UNION LLC, CAPITAL | ) | |
| ONE BANK (USA), N.A., and | ) | |
| CHASE BANK USA, N.A., | ) | |
| Defendants. | ) | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

COMES NOW the above-named Plaintiff, Edwin L. Maughan, and complains and alleges as follows:

## COUNT I

**(Claims against Equifax, Experian, and Trans Union for willful violations of the FCRA.)**

1.      Plaintiff, Edwin L. Maughan (Edwin), is a consumer as defined by the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681a(c).

2.      Edwin is a resident of Ronan, Lake County, State of Montana, and has at all pertinent times herein, worked as the owner of Maughan Transfer.

//

3.     Sometime prior to 2007, Edwin's wife, LaReta H. Maughan (LaReta), opened numerous credit card accounts in her husband Edwin's name and in the name of his company, Maughan Transfer, without his knowledge or permission, with Capital One Bank (USA), N.A. (Capital One) and Chase Bank USA, N.A. (Chase).  Unbeknownst to Edwin, LaReta fraudulently used these credit cards and accumulated significant debt using Edwin's name.  To his knowledge, Edwin never used the Capital One or Chase credit cards or derived any benefit from their use.  Edwin first discovered the existence of the credit card accounts LaReta had opened using his name and the name of his business sometime after she became incapacitated in March of 2007.

4.     Capital One and Chase provided false credit information about Edwin to Equifax Information Services LLC (Equifax), Experian Information Solutions, Inc. (Experian), and Trans Union, LLC (Trans Union), consumer reporting agencies, as defined in Title 15 U.S.C. § 1681a(f).

5.     Equifax, Experian, and Trans Union obtained information from Capital One and Chase that Edwin was delinquent on payments for the fraudulently opened credit card accounts, that Edwin owed outstanding balances, and that the account balances were charged off.  Equifax, Experian, and/or Trans Union then published consumer reports pertaining to the credit worthiness, credit standing, credit capacity, character, and general reputation of Edwin, which reports contained credit information furnished by Capital One and/or Chase.  The information was absolutely false.

6.     Edwin complained about the inaccuracy of the reports to Equifax Mortgage Solutions, Equifax, Experian, and Trans Union at various times on or after August 2010 and advised them that the inaccurate reports were causing him extreme credit problems.  Equifax, Experian, and Trans Union refused to follow any reasonable procedure to ensure the maximum possible accuracy of the information about Edwin contained in the reports, and refused to rectify the

obvious falsehoods contained in the reports, in direct violation of Title 15 U.S.C. §1681e(b). Equifax, Experian, and Trans Union also failed to comply with the reinvestigation requirements in Title 15 U.S.C. §1681i.

7.      Equifax, Experian, and Trans Union, also refused to place information in later credit reports noting that Edwin was disputing the information contained in the report, in direct violation of Title 15 U.S.C. § 1681i(c).

8.      Equifax, Experian, and Trans Union violated Title 15 U.S.C. § 1681, *et seq.*, in other particulars, causing damages to Edwin.

9.      Equifax, Experian, and Trans Union have willfully failed to comply with the above-mentioned requirements of Title 15 U.S.C. § 1681, *et seq.*, and are liable to Edwin pursuant to Title 15 U.S.C. § 1681n, for all actual damages sustained by him as a result of such willful noncompliance, including his mental distress and humiliation, reasonable attorneys' fees and costs incurred, and punitive damages in an amount to be determined by the fact-finder.

10.     Jurisdiction lies with this Court pursuant to Title 15 U.S.C. § 1681p.

11.     Venue is appropriate in the Missoula Division of this Court because the tortious conduct of Equifax, Experian, and Trans Union occurred in Lake County.

## COUNT II

**(Claims against Equifax, Experian, and Trans Union for negligent violations of the FCRA.)**

12.     Edwin restates all the facts and allegations set forth in Count I above.

13.     Equifax, Experian, and/or Trans Union are liable to Edwin for all actual damages sustained due to the negligence of Equifax, Experian, and/or Trans Union, including his mental distress and humiliation, and his costs incurred herein, plus reasonable attorneys' fees if it is determined that Equifax, Experian, and/or Trans Union only acted negligently pursuant to Title 15 U.S.C. § 1681o, as compared to acting willfully as alleged in Count I above.

## COUNT III

**(Claims against Capital One and Chase for willful violations of the FCRA.)**

14.     Edwin restates all the facts and allegations set forth in Counts I and II above.

15.     Capital One and Chase are entities which furnish credit information to consumer reporting agencies under the FCRA, Title 15 U.S.C. § 1681s-2(b).

16.     Capital One and Chase failed to comply with the requirements of the FCRA, including but not limited to failing to comply with the requirements of Title 15 U.S.C. § 1681s-2(b).  In this regard, Capital One and Chase received notices of Edwin's disputes from Equifax, Experian, and/or Trans Union at various times on or after August 2010 with regard to the completeness or accuracy of the information provided by Capital One and Chase to Equifax, Experian, and/or Trans Union.  Capital One and Chase failed to conduct an investigation with respect to the disputed information, failed to review all information provided by Edwin, failed to review all information provided by Equifax, Experian, and/or Trans Union, failed to report the results of the investigation to Equifax, Experian, and/or Trans Union, and, since the investigation would have clearly found the information provided by Capital One and Chase to be incomplete and inaccurate, failed to report the results to Equifax, Experian, and/or Trans Union, and other consumer reporting agencies to which Capital One and Chase had furnished the information.  As a direct result of Capital One's and Chase's violation of Title 15 U.S.C. § 1681s-2(b), Edwin suffered damages, the extent of which will be proven at the time of trial.

17.     Capital One and Chase willfully failed to comply with the requirements of Title 15 U.S.C. § 1681, *et seq.*, and are liable to Edwin, pursuant to Title 15 U.S.C. § 1681n, for all actual damages he sustained as a result of such willful noncompliance, including his mental distress and humiliation, reasonable

attorneys' fees and costs incurred, and punitive damages in an amount to be determined by the fact finder.

18.     Jurisdiction lies with this Court pursuant to Title 15 U.S.C. § 1681p.

19.     Venue is appropriate in the Missoula Division of this Court because the tortious conduct of Capital One and Chase occurred in Lake County.

<u>COUNT IV</u>

**(Claims against Capital One and Chase for negligent violations of the FCRA.)**

20.     Edwin restates all the facts and allegations set forth in Counts I, II, and III above.

21.     Capital One and Chase are liable to Edwin for all actual damages he sustained due to the negligence of Capital One and Chase, including his mental distress and humiliation, his costs incurred herein, plus reasonable attorneys' fees, if it is determined that Capital One and Chase only acted negligently pursuant to Title 15 U.S.C. § 1681o, as compared to acting willfully as alleged in Count III above.

WHEREFORE, pursuant to Count I against Equifax, Experian, and Trans Union, Edwin prays for judgment for all actual damages he has sustained, plus punitive damages, plus his reasonable attorneys' fees and costs incurred, and any further relief the Court deems just under the circumstances.

Pursuant to Count II against Equifax, Experian, and Trans Union, Edwin prays for judgment in an amount to cover all his actual damages sustained, together with reasonable attorneys' fees and costs incurred herein, and any further relief the Court deems just under the circumstances.

Pursuant to Count III against Capital One and Chase, Edwin prays for judgment for all actual damages he has sustained, plus punitive damages, plus reasonable attorneys' fees and costs incurred herein, and any further relief the Court deems just under the circumstances.

Pursuant to Count IV against Capital One and Chase, Edwin prays for judgment in an amount to cover all his actual damages sustained, together with reasonable attorneys' fees and costs incurred herein, and any further relief the Court deems just under the circumstances.

DATED this 6th day of December, 2011.

HOYT & BLEWETT PLLC

/s/ Anders Blewett
Alexander (Zander) Blewett, III
Anders Blewett

Attorneys for Plaintiff

## JURY DEMAND

Plaintiff demands that all issues be tried before a jury.

DATED this 6th day of December, 2011.

HOYT & BLEWETT PLLC

/s/ Anders Blewett
Alexander (Zander) Blewett, III
Anders Blewett

Attorneys for Plaintiff