Alexander (Zander) Blewett, III
Anders Blewett
HOYT & BLEWETT PLLC
501 Second Avenue North
P.O. Box 2807
Great Falls, MT   59403-2807
Telephone:  (406) 761-1960
Fax:  (406) 761-7186
E-mail:  zblewett@hoytandblewett.com
         ablewett@hoytandblewett.com

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

* * * * * * * * * * * * * * * * * * * *

| | |
|---|---|
| EDWIN LESLIE MAUGHAN, | Cause No.:  CV 11-156-M-DWM |
| Plaintiff, | Hon. Donald W. Molloy |
| v. | |
| EQUIFAX INFORMATION SERVICES LLC, EXPERIAN INFORMATION SOLUTIONS, INC., TRANS UNION LLC, CAPITAL ONE BANK (USA), N.A., and CHASE BANK USA, N.A., | **PLAINTIFF'S PRELIMINARY PRETRIAL STATEMENT** |
| Defendants. | |

* * * * * * * * * * * * * * * * * * * *

COMES NOW the Plaintiff, and pursuant to this Court's December 20, 2011, Order and Rule 26(a)(1), Fed.R.Civ.P. and L.R. 16.2(b)(1), files his Preliminary Pretrial Statement as follows:

A.   **FACTUAL OUTLINE OF PLAINTIFF'S CASE.**

Plaintiff, Edwin (Ed) Maughan, owns a trucking company, Maughan Transfer, in Ronan, Montana, which he built up with a high school education.  He is a Vietnam War Veteran who earned two Purple Hearts and a Bronze Star.  He was married to LaReta Maughan from 1971 until her death in September of 2007.  Up until she became ill, LaReta spent 25 years working for Maughan Transport and handling all of the bookkeeping for Ed's business.  In March 2007, LaReta

developed meningitis and deteriorated into an irreversible vegetative state. For more than five months she was incapacitated in a hospital bed in Missoula, where Ed drove three hours most days from Ronan to visit her, even though she could no longer recognize him. In September of 2007, LaReta suddenly died.

Sometime after Loretta became incapacitated, Ed discovered that LaReta had opened numerous credit cards in Ed's name and in the name of Maughan Transfer, without Ed's permission or knowledge.

Ed has not yet received any discovery responses from Defendants. However, based on the records in Ed's possession, it is absolutely clear that all Defendants violated the Fair Credit Reporting Act (FCRA) in reporting these fraudulent credit card accounts on his consumer report.

On October 23, 2007, Ed filed a police report informing the Lake County Sheriff that he was the victim of identity theft and a report was generated by the Lake County Sheriff's Office on November 15, 2007. This report was repeatedly brought to the attention of Chase and Capital One over the course of Ed's four year identity theft dispute. Despite the fact that Capital One and Chase had no evidence to refute Ed's claims of fraud, Capital One and Chase continued to report the fraudulent accounts to Experian.

While Ed repeatedly disputed his various accounts with Capital One and Chase since 2007, it was not until sometime immediately prior to September 1, 2010, that Ed disputed these fraudulent accounts with the Credit Reporting Agencies (CRA's), Experian, Trans Union and Equifax. After making numerous disputes with the CRA's regarding the fraudulent Capital One and Chase accounts, the CRA's, Chase and Capital One continued to report several fraudulent and derogatory accounts in Ed's consumer file thereby triggering liability under the FCRA for their failure to perform a reasonable investigation for each of the four disputed accounts. The accounts include Capital One Acct. Nos. 5178057279600014, 4862367130580253, 4115077027412545, as well as Chase

Acct. No. 426690202020322689, which were all reported as adverse accounts that were delinquent and charged off.  Following Ed's disputes with the CRA's, these accounts were reported on Ed's credit for many months, with two accounts being reported for over 9 and 15 months, respectively.  These accounts severely damaged Ed's credit score as evidenced by the low credit scores contained in the Equifax Mortgage Solutions tri-merged credit report of August 10, 2011 and resulted in Ed being denied credit.  Ed's credit score would have been much higher had the CRA's not been wrongfully reporting the Chase and/or Capital One accounts at the time.

    Of the three accounts which the CRA's wrongfully verified following Ed's disputes, Chase and Capital One have explicitly recognized that at least three of the four accounts were fraudulently opened.  Regarding Acct. No. 4862367130580253, Capital One declared in a letter dated 5/18/2011, "We investigated your fraud claim and determined it to be valid."  Regarding Acct. No. 426690202020322689, Chase declared in a letter dated 10/28/2011, "We have determined that you are not responsible for the fraudulent charges."  Regarding Acct. No. 4115077027412545, Capital One declared in a letter dated 12/1/2010, "[a]fter researching ... we found that you aren't responsible for the credit history information that appears on your credit report for this account."  Finally, for Acct. No. 5178057279600014, Chase, Capital One, and all the CRA's have all implicitly recognized that this account, as well as the other delinquent credit card accounts in Ed's name, are fraudulent by their decision to stop reporting any of these credit card accounts on Ed's credit report.

    Over the course of Ed's disputes, he repeatedly requested copies of all signed credit card applications upon which his fraudulent accounts were opened with both Chase and Capital One.  However, they repeatedly refused to provide such documentation and instead continued to destroy his credit and attempt to collect on the fraudulent debts.  After two years, Capital One finally produced one

forged application but it did not specify to which account it belonged and it made no attempt to compare the forged application signature to the signature Ed provided in his disputes.

By the time Ed disputed the Capital One and Chase accounts with the CRA's, all defendants had full knowledge that Ed was legitimately the victim of identity theft. Had any of the defendants checked Ed's credit history they would have discovered that numerous credit card accounts had already been removed from Ed's credit reports due to identity theft including some that had been deleted by Chase and Capital One. However, defendants performed no such review of Ed's credit history or their own records, and instead ignored Ed's disputes and continued to wrongfully report the fraudulent accounts until many months later when they finally deleted the accounts.

Based on the evidence in this case, there is no question that Defendants' conduct in this case was willful.

**B.    JURISDICTION AND VENUE.**

Jurisdiction and venue are proper.

**C.    FACTUAL BASIS OF EACH CLAIM.**

The factual basis of each of Plaintiff's claims are set forth above. Experian, Equifax, and Trans Union were notified multiple times of the fraudulent accounts contained in Mr. Maughan's credit report. Mr. Maughan contacted Equifax, Experian and Trans Union to dispute these fraudulent accounts and all three CRA's failed to follow reasonable procedures or conduct a reasonable investigation to rectify these fraudulent accounts.

In each instance in which Mr. Maughan disputed the fraudulent accounts with Experian, Equifax and Trans Union, the law requires credit reporting agencies to inform Chase and Capital One of the dispute within five business-days of the dispute. By law, Chase and Capital One were notified multiple times of the fraudulent accounts that they had provided the CRA's. Because Capital One and

Chase failed to investigate and correct the disputed credit information after receiving multiple notices from Plaintiff and numerous credit reporting agencies they are liable for all the damages suffered by Mr. Maughan.

Mr. Maughan is in a position to show that he was denied credit precisely because of the fraudulent and delinquent credit information showing on his credit report.

### D. **PLAINTIFF'S LEGAL THEORIES.**

Plaintiff's claims are based on the Fair Credit Reporting Act, 15 U.S.C. § 1681a, *et seq*.

### E. **COMPUTATION OF DAMAGES.**

Plaintiff's damages are comprised of denial of credit, mental distress and humiliation, attorneys' fees, and punitive damages, none of which can be computed, and all of which will be determined by a jury, except for the attorneys' fees.

### F. **RELATED STATE OR FEDERAL LITIGATION.**

Plaintiff is unaware of any related litigation.

### G. **PROPOSED STIPULATIONS OF FACT AND APPLICABLE LAW.**

The Plaintiff hereby requests Defendants stipulate to the following facts:

1. Experian, Trans Union and Equifax no longer report any Capital One and Chase credit card accounts in Plaintiff's credit file.

2. Chase and Capital One are no longer attempting to collect on the following credit accounts: Capital One Acct. Nos. 5178057279600014, 4862367130580253, 4115077027412545, and Chase Acct. No. 4266902020322689.

3. Experian, Equifax and Trans Union did not review any of the documentation used to open the Chase and Capital One credit card accounts prior to verifying the Capital One and Chase accounts, following Plaintiff's credit disputes.

4. Experian, Equifax and Trans Union relied solely on the Automated Consumer Dispute Verification forms provided by Chase and Capital One in verifying the Chase and Capital One accounts, following Plaintiff's disputes.

5. Chase and Capital One did not review any signed application used to open the disputed credit card accounts during its reinvestigation of Plaintiff's credit disputes.

6. Capital One credit card under Acct. No. 5178057279600014 was not opened by Plaintiff.

7. Capital One credit card under Acct. No. 4862367130580253 was not opened by Plaintiff.

8. Capital One credit card under Acct. No. 4115077027412545 was not opened by Plaintiff.

9. Capital One does not possess an application signed by Plaintiff for the Capital One credit card under Acct. No. 5178057279600014, which was opened in Edwin Maughan's name.

10. Capital One does not possess an application signed by Plaintiff for the Capital One credit card under Acct. No. 4862367130580253, which was opened in Edwin Maughan's name.

11. Capital One does not possess an application signed by Plaintiff for the Capital One credit card under Acct. No. 4115077027412545, which was opened in Edwin Maughan's name.

12. Chase does not possess an application signed by Plaintiff for the Chase credit card under Acct. No. 426690202020322689, which was opened in Edwin Maughan's name.

13. The Capital One and Chase credit card accounts showing in Plaintiff's credit file after August 2010 were delinquent.

14. The Capital One and Chase credit card accounts showing in Plaintiff's credit file after August 2010 were charged off.

15. The Capital One and Chase credit card accounts showing in Plaintiff's credit file after August 2010 were negative accounts.

16. Chase sold Acct. No. 426690202020322689 to debt collector Palisades Collection LLC.

17. The Acct. No. PAL1CCD1619454850 reported on Plaintiff's credit file by Palisades Collection LLC, was the collection account for Chase Acct. No. 426690202020322689.

18. Experian deleted Palisades Collection LLC Acct. No. PAL1CCD1619454850 from Plaintiff's credit file on 1/19/2011.

19. Trans Union deleted Palisades Collection LLC Acct. No. PAL1CCD1619454850 from Plaintiff's credit file on 2/9/2011.

20. Capital One and Chase never reported any credit card account information to Trans Union, Equifax and/or Experian indicating that Trans Union, Equifax and Experian should include a statement that Plaintiff disputes the information contained in the accounts.

21. Trans Union, Equifax, and Experian never reported any of the disputed Chase and Capital One credit card accounts on Plaintiff's credit file with a statement that the accounts were disputed.

22. Capital One had Plaintiff's true signature in its possession as early as November 2007.

23. Chase had Plaintiff's true signature in its possession as early as November 2007.

24. Experian did not send an ACDV form to Capital One and Chase in response to Plaintiff's credit dispute on March 1, 2011.

25. Experian did not send an ACDV form to Capital One and Chase in response to Plaintiff's credit dispute on August 22, 2011.

26. Trans Union deleted Capital One credit card Acct. Nos. 5178057279600014, 4862367130580253, 4115077027412545, from Plaintiff's credit file on 10/20/2010.

27. Trans Union deleted Capital One credit card Acct. Nos. 5178057279600014, 4862367130580253, 4115077027412545, from Plaintiff's credit file on 10/20/2010 because Trans Union determined they were fraudulent.

28. Equifax deleted Capital One credit card Acct. No. 5178057279600014 from Plaintiff's credit file on 11/15/2011.

29. Equifax deleted Chase credit card Acct. No. 426690202020322689 from Plaintiff's credit file on 11/2/2011.

30. Trans Union deleted Chase credit card Acct. No. 426690202020322689 from Plaintiff's credit file on 8/23/11.

31. On 8/12/11 Plaintiff disputed Capital One Acct. No. 5178057279600014 and Chase credit card Acct. No. 426690202020322689 with Experian and Equifax.

32. On 1/16/11 Plaintiff disputed Capital One Acct. Nos. 5178057279600014 and 4862367130580253, as well as Chase credit card Acct. No. 426690202020322689, with Equifax and Equifax verified the accounts with Chase and Capital One.

33. On 1/16/11 Plaintiff disputed Capital One Acct. Nos. 5178057279600014 and 4862367130580253, as well as Chase credit card Acct. No. 426690202020322689, with Experian and Experian verified the accounts with Chase and Capital One.

34. On 1/26/11 Plaintiff disputed Chase credit card Acct. No. 426690202020322689, with Trans Union and Trans Union verified the account with Chase.

35. Capital One deleted Acct. No. 4862367130580253 from Ed's credit file on 5/18/2011.

36. Capital One deleted Acct. No. 4115077027412545 from Ed's credit file on 12/1/2010.

37. Chase deleted Acct. No. 4185868006758253 from Ed's credit file on 4/16/10.

38. Chase deleted Acct. No. 426690202020322689 from Ed's credit file on 10/28/11.

39. Trans Union deleted Chase Acct. No. 4266841097781379 from Ed's credit file on 2/9/11.

40. Chase and Capital One are no longer attempting to collect on any credit cards in Plaintiff's name.

41. Chase credit card under Acct. No. 426690202020322689, was not opened by Plaintiff.

## H. JOINDER OF PARTIES OR AMENDMENT OF PLEADINGS.

Plaintiff proposes a deadline for joinder of parties or amendment of the pleadings for 90 days from the date of the Preliminary Pretrial Conference.

## I. CONTROLLING ISSUES OF LAW SUITABLE FOR PRETRIAL DISPOSITION.

Partial Summary Judgment on liability should be granted against all Defendants unless Defendants can show some issue of fact supporting their denials and investigations.

## J. SETTLEMENT DISCUSSIONS.

Plaintiff believes there is a possibility for compromise in this case and settlement offers have been made by Plaintiff with no meaningful responses from Defendants.

## K. SUITABILITY OF SPECIAL PROCEDURES.

At this phase, Plaintiff is aware of no such special procedures being suitable.

//
//
//
//

DATED this 2nd day of March, 2012.

                        HOYT & BLEWETT PLLC

                        /s/ Anders Blewett
                        Alexander (Zander) Blewett, III
                        Anders Blewett

                        Attorneys for Plaintiff

## **CERTIFICATE OF SERVICE**

I hereby certify that, on this 2nd day of March, 2012, a copy of the foregoing document was served on the following persons by the following means:

| 1, 2, 3, 4, 5, 6, 7, 8, 9 | CM/ECF |
| --- | --- |
| _____ | Hand Delivery |
| _____ | Mail |
| _____ | Overnight Delivery Service |
| _____ | Fax |
| _____ | E-Mail |

1.    Clerk, U.S. District Court

2.    Elizabeth L. Griffing
      Axilon Law Group, PLLC
      257 W. Front Street, Suite B
      Missoula, MT   59802

3.    Eric J. Hardeman
      Jones Day
      3161 Michelson Drive, Suite 800
      Irvine, CA   92612-4408
      Attorneys for Defendant Experian Information Solutions, Inc.

4.    Sara S. Berg
      Daniel J. Auerbach
      Browning, Kaleczyc, Berry and Hoven, P.C.
      825 Great Northern Blvd., Suite 105
      Helena, MT   59601-3340

5.    Christa J. Jewsbury
      Schuckit & Associates, P.C.
      4545 Northwestern Drive
      Zionsville, IN   46077
      Attorneys for Defendant Trans Union, LLC

//

//

6.     Charles E. McNeil
    Jenny M. Jourdonnais
    Garlington, Lohn & Robinson, PLLP
    350 Ryman Street
    P.O. Box 7909
    Missoula, MT   59870-7909
    Attorneys for Defendant Chase Bank USA, N.A.

7.     Charles H. Carpenter
    Carpenter Law Firm, PLC
    210 North Higgins Avenue, Suite 336
    Missoula, MT   59802
    Attorneys for Defendant Equifax Information Services LLC
    and Capital One Bank (USA), N.A.

8.     Barry Goheen
    King & Spalding LLP
    1180 Peachtree Street NE
    Atlanta, GA   30309
    Attorney for Defendant Capital One Bank (USA), N.A.

9.     K. Ann Broussard
    King & Spalding LLP
    1180 Peachtree Street NE
    Atlanta, GA   30309
    Attorney for Defendant Equifax Information Services LLC

                HOYT & BLEWETT PLLC

                _____/s/ Anders Blewett_____
                Alexander (Zander) Blewett, III
                Anders Blewett

                Attorneys for Plaintiff